ARCHIBALD L. BADDER v. ULYSSES GRANT KEEFER.

[See 91 Mich. 611.]

*Seduction—Evidence—Credibility of witness—Instructions to jury— Damages.*

1. The plaintiff in a civil suit for seduction may introduce testimony relating to the pregnancy of the female who is claimed to have been seduced, notwithstanding the defendant admits the alleged illicit intercourse.

2. The testimony of a physician that the defendant called upon him, and asked "what was good to get a young lady out of a fix," is competent in such a case, as bearing upon the question whether the defendant was the father of the child, the fruit, as claimed, of the illicit intercourse.

3. On the trial of a civil suit for seduction, the girl testified to repeated acts of intercourse with the defendant, commencing in December, 1887, and ending in March, 1889, which latter date she fixed as the time when the child, born in the following November, was conceived. On her cross-examination she admitted testifying in a bastardy case, lately tried, against the same defendant, that her pregnancy resulted from intercourse with him in February, 1889, and stated that she was probably mistaken as to the time. The defendant admitted having intercourse with the girl, and to having such intercourse in March, 1889, under the circumstances detailed by her, but denied that any of the acts of intercourse were had under promise of marriage. And it is held that there was no material discrepancy, and that the mistake of the girl in fixing the time would not warrant an instruction that the jury should, by reason of it, discredit her in her claim that the intercourse was consented to under promise of marriage, nor would such

mistake have any bearing upon the question of her right to recover damages by reason of the birth of the child, if the defendant was its father.

Error to Ionia. (Smith, J.) Argued April 4, 1894. Decided May 18, 1894.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion, and in 91 Mich. 611.

*George E. Nichols* and *F. C. Miller,* for appellant.
*Clute & Clute,* for plaintiff.

LONG, J. This action is brought by the plaintiff on behalf of his daughter Nora, a girl of the age of 19 years, for seduction under promise of marriage. The cause was in this Court at the April term of 1892, and was there reversed, and remanded for another trial. *Badder v. Keefer,* 91 Mich. 611, 616. The case has again been tried, and a verdict found in favor of plaintiff for the same amount as on the former trial,—$1,000. The facts are stated in the former opinion.

The first 13 assignments of error relate to the ruling of the court in admitting evidence relating to the pregnancy of the girl, Nora, and that the defendant was the cause. The contention is that, the defendant having admitted the intercourse, this evidence was not admissible. The court was not in error in admitting it. The defendant could not, by the admission, prevent the plaintiff from making his case with any competent evidence.

Some question is raised as to the admissibility of the evidence of Dr. Kelley, who testified that the defendant called upon him, and asked "what was good to get a young lady out of a fix." This evidence was competent, as bearing upon the question whether the defendant was the father of the child.

Some other questions are raised, but the principal one relates to the refusal of the court to give the defendant's request to charge as follows:

"If you find from the testimony in this case that the daughter of the plaintiff has made different statements in relation to the time and circumstances surrounding the intercourse at which she claims the child in question was conceived, then you will take into consideration that evidence, as bearing, not only upon the credibility to be given to her statements as to the first act when the seduction is claimed, but as to whether you should, in reaching a verdict, if you do reach one, in favor of the plaintiff, allow anything as compensation for injury done her by reason of the claim that the defendant is the father of the child."

The claim made is that the girl, Nora, had made different statements in relation to the time and circumstances surrounding the intercourse at which the child was begotten. She had testified that the acts of intercourse commenced on December 6, 1887; that prior to that time the defendant had promised to marry her; and that the intercourse was continued from time to time till some time in March, 1889, when she became pregnant. On cross-examination she was asked whether, in the bastardy case then lately tried, she had not testified that she became pregnant from intercourse with defendant on February 10, 1889, while on the way home from a party, and admitted that she did so testify, but said that she was probably wrong in regard to the time. Whether she was correct or not as to the time is of but little moment. There was substantially no controversy but that the defendant was the cause of the pregnancy, and the girl's testimony was not at all contradictory upon that question. The court, by the request, was asked to charge that, inasmuch as she may have been mistaken as to the exact time when this intercourse took place in the spring of 1889, that fact

threw discredit upon her testimony as to whether the first intercourse was permitted under a promise of marriage. We think the court fully and fairly submitted that question to the jury in the general charge, and was not in error in refusing this request. The important question in the case was whether the intercourse was permitted by her under a promise of marriage. The intercourse was admitted, but the promise of marriage denied. The girl claimed that she became pregnant in the spring of 1889, and put the time in February; while the defendant acknowledged that the intercourse took place under the same circumstances as she testified,—coming home from a party,—but testified that it took place in March. The child was born in November. So there was no material discrepancy, and the mistake of the girl in fixing the time would not warrant the instruction that the jury should, by reason of it, discredit her in her claim that the intercourse was consented to under promise of marriage. And this mistake of time would have no bearing upon the question of damages by reason of the birth of the child. If the defendant was the father of it, the damages would be increased by that fact.

We have examined the other questions raised, and find no error in the record.

Judgment is affirmed.

The other Justices concurred.